UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PIERRE A. RENOIR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. :3:17-cv-00009 |
| ) | REEVES/GUYTON |
| WARDEN EARL R. BARKSDALE and ) | |
| UNKNOWN VDOC EMPLOYEES, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM and ORDER**

Pierre A. Renoir, a Virginia prisoner confined in the Red Onion State Prison in Pound, Virginia, brings this pro se petition for a writ of mandamus, seeking to compel the United States Attorney and the Director of the Federal Bureau of Investigation in Knoxville, Tennessee to investigate Warden Earl R. Barksdale and unknown employees with the Virginia Department of Corrections for tampering with Petitioner's incoming and outgoing mail—all purportedly postmarked in Knoxville, Tennessee [Doc. 1]. Plaintiff maintains, inter alia, that the mail involves an ICBM nuclear defense system and two prototype pocket-sized weapons of mass destruction [*Id*. p. 1]. Petitioner has also submitted an application to proceed *in forma pauperis* [Doc. 12 pp. 11-17].

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), codified in scattered sections of Titles 11, 18, 28, and 42 of the United States Code, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

28 U.S.C. §1915(g). The only exception is if the prisoner is in "imminent danger of serious physical injury." *See id.* §1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed for failure to state a claim. *See Renoir v. Miller*, No. 7:99-CV-330 (W.D. Va. Dec. 20, 1999) (order dismissing case for failure to state a claim); *Renoir v. Angelone*, No. 7:99-CV-211 (W.D. Va. Oct. 29, 1999) (same); *Renoir v. McMillan*, No. 7:99-CV-356 (W.D. Va. June 28, 1999) (same); *see also Renoir v. Davidson*, No. 2:08-CV-33 (W.D. Wi. Oct. 24, 2008) (denying *in forma pauperis* status under § 1915(g) and dismissing case for failure to pay filing fee); and *Renoir v. Brown*, No. 7:07-CV-166, 2007 WL 1052477, at *1 and n.1 (W.D. Va. Apr. 5, 2007) (order dismissing case under § 1915(g)) (listing cases).

All courts in this circuit to consider the issue have held that petitions for a writ of mandamus pursuant to 28 U.S.C. § 1361 are civil actions to which § 1915(g) applies. *Banks v. Pugh,* No. 4:13-CV-2439, 2014 WL 2442250, at *2 (N.D. Ohio May 30, 2014) (observing that "a petition for writ of mandamus is a 'civil action' within the meaning of 28 U.S.C. § 1915(g)"); *Banks v. Pugh*, No. 4:13-CV-2522, 2014 WL 4441470, at *2 (N.D. Ohio Sept. 9, 2014) (same*); In Re Williams v. Michigan*, No. 5:10-CV-12264, 2010 WL 2507781, at *1 (E.D. Mich. June 17, 2010) (order summarily dismissing mandamus petition under § 1915(g)); *McGore v. Mich. Parole Bd.*, No. 1:09-CV-922, 2009 WL 3429102, at *1 (W.D. Mich. Oct. 23, 2009) (applying three-dismissal rule in § 1915(g) to deny inmate *in forma pauperis* status in a mandamus petition).

Though the allegations in Plaintiff's complaint are irrational, if not delusional, the Court has reviewed the complaint to the extent possible and finds that none of the contentions involving nuclear defense systems, weapons of mass destruction and other explosive devices that "might

destroy the world and own it all" [Doc. 1 at 2] possibly could qualify for § 1915(g)'s "serious physical injury" exception.

Therefore, Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED** [Doc. 12].

On January 20, 2017, Petitioner filed a motion to withdraw his mandamus petition as of that date [Doc. 20]. The motion to withdraw the petition for a writ of mandamus, which is treated as a motion for voluntary dismissal, under Fed. R. Civ. P. 41(a), is **GRANTED** [*Id.*].

Nevertheless, the Prison Litigation Reform Act of 1995, makes a prisoner, such as Petitioner, responsible for paying the filing fee the moment the complaint is filed. 28 U.S.C. § 1915(b)(1); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Despite the dismissal of this petition, Petitioner is **ASSESSED** the entire $400.00 civil filing fee. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that a subsequent dismissal does not nullify a prisoner's obligation to pay the filing fee, which arises when the complaint is delivered to the district court clerk).

Pursuant to 28 U.S.C. § 1915(b)(l)(A) and (B), the custodian of Petitioner's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court; 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of: (a) twenty percent (20%) of the average monthly deposits to Petitioner's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. Thereafter, the custodian shall submit twenty percent (20%) of Petitioner's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds

3

ten dollars ($10), until the full filing fee of four hundred dollars ($400) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the custodian of inmate trust accounts at the facility wherein Petitioner is confined, to ensure that the custodian complies with the fee-payment provisions in this Order. The Clerk is further **DIRECTED** to forward a copy of the Order to the Court's financial deputy. This Order shall be placed in Petitioner's institutional file and follow him if he is transferred to another correctional facility.

Finally, Petitioner's motion to surrender U.S. citizenship, motion for statement of settlement, and motion to expedite the withdrawal of the petition are **DENIED** as **MOOT** [Docs. 17-18, 22].

**AN APPROPRIATE ORDER WILL ENTER**.

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**